UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOHN DOE,

        Plaintiff,       Civil Case No: 18-cv-11501

  -against-          Plaintiff Demands a
                Trial by Jury

LANDRY'S, INC.,
B.R. GUEST HOLDINGS, LLC,      **COMPLAINT**
B.R. GUEST, LLC,
SPH RESTAURANT ENTERPRISES INC. A/K/A B.R.
GUEST, INC., D/B/A ATLANTIC GRILL
HEATH SAUNDERS, individually,

        Defendants.
---------------------------------------------------------X


   Plaintiff, JOHN DOE, by and through his attorneys, DEREK SMITH LAW GROUP,

PLLC, hereby complains of Defendants, LANDRY'S, INC., (hereinafter referred to as

"LANDRY'S"), B.R. GUEST HOLDINGS, LLC, B.R. GUEST, LLC, SPH RESTAURANT

ENTERPRISES INC. A/K/A B.R. GUEST, INC., D/B/A ATLANTIC GRILL  (COLLECTIVELY

"ATLANTIC GRILL DEFENDANTS"), HEATH SAUNDERS (hereinafter referred to as

"SAUNDERS"), individually, and collectively referred to as "Defendants," upon information and

belief, as follows:


### NATURE OF CASE

   Plaintiff, JOHN DOE, complains pursuant to Title VII of the Civil Rights Act of 1964, as

codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

1991, Pub. L. No. 102-166 ("Title VII"), as amended by the Civil Rights Act of 1991, and to

remedy violations of the New York State Human Rights Law; New York Executive Law, § 290,

*et seq.* (the Executive Law"), and the Administrative Code of the City of New York and the laws

of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367 seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, gender discrimination, sexual orientation discrimination, genetic information discrimination, sexual harassment, hostile work environment, retaliation and wrongful termination, by Defendants.

## JURISDICTION AND VENUE

1.   Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2.   Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3.   Around January 5, 2018, Plaintiff JOHN DOE submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").  The federal charge number is 520-2018-1673.

4.   Around September 12, 2018, Plaintiff JOHN DOE received a Right to Sue Letter from the EEOC for his federal charge number 520-2018-1673.

5.   As such, Plaintiff satisfied all administrative prerequisites and is timely filing this case within ninety (90) days of receiving his Right to Sue letter.

6.   Venue is proper in this court, as the events giving rise to this action arose in New York County, within the Southern District of New York.

## PARTIES

7.    At all times material, Plaintiff JOHN DOE (herein referred to Plaintiff or "DOE") is an openly-gay, male, who is a resident of New York County, New York.

8.    Defendant LANDRY'S, INC.  is a foreign, for -profit corporation with the principal office at 1510 West Loop South, Huston, TX 77027 that owns and/or operates B.R. Guest Hospitality Group a/k/a BR Guest.

9.    Defendant B.R. GUEST HOLDINGS, LLC is a Delaware Corporation registered in New York to accept service of process at 111 Eighth Avenue, New York, New York 10011. At all relevant times, B.R. Guest Holdings, LLC has been an employer within the meaning of all relevant statutes.

10.    Defendant B.R. GUEST, LLC is a Delaware Corporation registered in New York to accept service of process at 206 Spring Street, New York, New York 10012. At all relevant times, B.R. Guest LLC has been an employer within the meaning of all relevant statutes.

11.    Defendant SPH RESTAURANT ENTERPRISES, INC. a.k.a. B R Guest, Inc. is a New York Corporation registered under both the names "SPH Restaurant Enterprises, Inc." and "B R Guest, Inc." to accept service of process at 200 Park Avenue South, New York, New York 10003. At all relevant times, SPH Restaurant Enterprises has been an employer within the meaning of all relevant statutes.

12.    Defendants B.R. Guest Holdings, LLC, B.R. Guest, LLC, and SPH Restaurant Enterprises, Inc. a.k.a. B. R. Guest, Inc. ("BR Guest") own and operate numerous restaurants in New York City, as well as in Pittsburgh, Pennsylvania, Atlantic City, New Jersey, Fort Lauderdale Florida, Las Vegas, Nevada and other cities.

13.    At all relevant times, BR Guest owned and operated Atlantic Grill, which is located at 49

West 64th Street, New York, New York 10023.

14.     At all times material, Defendants employee HEATH SAUNDERS (herein referred to as "SAUNDERS") was and is employed by ATLANTIC GRILL DEFENDANTS, and had supervisory authority over Plaintiff with regard to his employment.

**MATERIAL FACTS**

15.     Around 2010 Plaintiff was employed by Defendants as a server at the Atlantic Grill Near Lincoln Center restaurant, located at 49 West 64th Street, New York, NY, 10023.

16.     Beginning in around 2016, Defendant SAUNDERS was the manager and Plaintiff's supervisor at the Atlantic Grill location where Plaintiff worked.

17.     Defendant SAUNDERS was and is an openly gay male.

18.     Around the summer of 2016, Defendant SAUNDERS approached Plaintiff and told Plaintiff that he wanted to have sex with him. When Plaintiff emphatically replied, "what?!!!" Defendant SAUNDERS replied: "yeah, I think it would be fun." Plaintiff did not welcome Defendant SAUNDERS's proposal, but Plaintiff was afraid of losing his job and succumbed to Defendant SAUNDERS's sexual demands.

19.     After some time, Plaintiff felt he had not choice but to stand up for himself and to rebuff Defendant SAUNDERS's coercive sexual advances.

20.     Around July of 2017, Plaintiff broke off the sexual relationship with Defendant SAUNDERS. Defendant SAUNDERS was very upset, and immediate began stalking Plaintiff, including standing next to Plaintiff's apartment building at 4 am.   Defendant SAUNDERS also retaliated against Plaintiff by making Plaintiff's work-days miserable, including by picking on Plaintiff, gossiping about him and being generally vicious and mean toward Plaintiff, as

opposed to all the other employees.

21.    Plaintiff became anxious and frightened by Defendant SAUNDERS's behavior, and Plaintiff feared going to work on a daily basis because every contact with Defendant SAUNDERS resulted in conflict.

22.    Around July of 2017, Defendant SAUNDERS implied to Plaintiff that Defendant SAUNDERS was HIV-positive.

23.    Plaintiff immediately was tested and found out that he was HIV-positive, and that Defendant SAUNDERS had given Plaintiff HIV because prior to having sexual contact with Defendant SAUNDERS Plaintiff was HIV-negative.

24.    Plaintiff was devastated.  Defendant SAUNDERS continued to make things so uncomfortable for Plaintiff that it was clear it was Defendant SAUNDERS's intention that Plaintiff quit his job at Atlantic Grill.

25.    Around October of 2017 Plaintiff complained to ROBERT EVANILA in management for Defendants about the sexual harassment that he was forced to endure at the hands of Defendant SAUNDERS, and that Defendant SAUNDERS had given Plaintiff HIV.

26.    Defendants simply told Plaintiff that Defendant SAUNDERS was "subject to a different set of rules" and no corrective action would be taken.

27.    Plaintiff then asked several of his managers in writing, on the floor while he was working, and over the phone, for the e-mail address of human resources in order the Plaintiff could communicate with HR in writing so as to document the interaction.  Plaintiff's managers simply told Plaintiff that they did not have an email address for HR, or they sent Plaintiff to an email address that was incorrect.

28.    Immediately after Plaintiff's complaints of discrimination, the management at Defendants,

including Defendant SAUNDERS, discriminated against and retaliated against Plaintiff because of his sex, gender, sexual orientation, and genetic information, as well as for having made complaints of discrimination and rebuffed Defendant SAUNDERS sexual advances. Plaintiff's work hours were but and he no longer received desirable shifts and Plaintiff's medical insurance coverage was cancelled.

29.    Around December 22, 2017, Plaintiff reported to work and was warned by a man named Eddie to "watch our for Cooper."  Plaintiff felt physically threatened and left early because he feared for his physical safety.

30.    Soon thereafter, around the end of December 2017, Plaintiff asked his fellow colleagues several times about when he was scheduled for shifts but Plaintiff received no response and was written off the schedule.

31.    Defendants terminated Plaintiff around the end of December 2017, because of Plaintiff's sex/gender, sexual orientation and genetic information, as well as in retaliation for having made complaints of discrimination and rebuffed Defendant SAUNDERS sexual advances.

32.    As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

33.    As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

34.    As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

35.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary

losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

36. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

37. Defendants' actions constituted a continuing violation of the applicable federal, state city and county laws.

38. Plaintiff claims actual and/or constructive discharge by the Defendants.

39. Plaintiff hereby demands reinstatement to his position.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
(Not Against Individual Defendants)**

40. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

41. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

42. ATLANTIC GRILL DEFENDANTS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sex discrimination, gender discrimination, sexual orientation discrimination, and a hostile work environment.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

43.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

44.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)  provides  that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

45.  ATLANTIC GRILL DEFENDANTS engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(Against All Defendants)**

46.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

47.  Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics,

marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

48.  Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his sex, gender, sexual orientation and predisposing genetic characteristics.

49.  Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

**AS A FIFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(Against All Defendants)**

50.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

51.  New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

52.  Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

**AS A SIXTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**NEW YORK STATE LAW**
**(Against All Defendants)**

53.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

54.  New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory

9

practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

55. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against the Plaintiff.

**AS A SEVENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(Against All Defendants)**

56. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

57. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

58. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against Plaintiff because of his sex, gender, race, national origin, marital status and sexual orientation.

59. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (Against All Defendants)

60.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

61.   The New York City Administrative Code Tide 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

62.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(7) by discriminating against Plaintiff because of his opposition to the unlawful employment practices of Plaintiffs' employer.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (Against All Defendants)

63.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

64.   The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

65.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (Against All Defendants)

66.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of

this complaint as if fully set forth at length.

67.     Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an

unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere

with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or

enjoyment of, or on account of his or her having aided or encouraged any other person in the

exercise or enjoyment of, any right granted or protected pursuant to this section."

68.     Defendants violated the above section as set forth herein.


## AS AN ELEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (Against All Defendants)

69.      Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of

this complaint as is fully set forth at length.

70.     Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee,

agent or independent contractor provides "An employer shall be liable for an unlawful

discriminatory practice based upon the conduct of an employee or agent which is in

violation of any provision of this section other than subdivisions one and two of this

section." b. An employer shall be liable for an unlawful discriminatory practice based upon

the conduct of an employee or agent which is in violation of subdivision one or two of this

section only where: (1) the employee or agent exercised managerial or supervisory

responsibility; or (2) the employer knew of the employee's or agent's discriminatory

conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

71.   Defendants violated the above section as set forth herein.

72.   As a result of defendant's acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

## AS A TWELFTH CAUSE OF ACTION FOR
## ASSAULT AND BATTERY
## AGAINST DEFENDANT SAUNDERS, INDIVIDUALLY,

74.   Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75.   That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendants, their agents, servants and/or employees, suddenly and without provocation did physically assault and batter Plaintiff herein.

## AS A THIRTEENTH CAUSE OF ACTION BY VICTIM OF CONDUCT
## CONSTITUTING CERTAIN SEXUAL OFFENSES
## AGGRAVATED SEXUAL ABUSE IN THE FIRST DEGREE
## AGAINST DEFENDANT SAUNDERS, INDIVIDUALLY

76.   Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77.   § 130.35 of the New York State Penal Law provides as follows: Rape in the first degree 1 A

13

person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven years old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more. NY CLS Penal § 130.35

78.     § 130.50 of the New York State Penal Law provides as follows: Criminal sexual act in the first degree 1 A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven yeas old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more. NY CLS Penal § 130.50.

79.     Section 130.70 of the New York State Penal Law; "Aggravated sexual abuse in the first degree" provides that "A person is guilty of aggravated sexual abuse in the first degree when he inserts a foreign object in the vagina, urethra, penis or rectum of another person causing physical injury to such person:

(1) By forcible compulsion; or

(2) Who is incapable of consent by reason of being physically helpless;

80.     Section 130.70 of the New York State Penal Law; "Aggravated sexual abuse in the first degree" provides that "A person is guilty of aggravated sexual abuse in the first degree when he inserts a foreign object in the vagina, urethra, penis or rectum of another person causing

81.     Aggravated sexual abuse in the first degree is a class B felony."

82.     Defendant SAUNDERS violated the herein sections as set forth herein.

83.     Defendant SAUNDERS sexually assaulted Plaintiff in a way that was in violation of the above.

84.     § 213-c of the Civil Practice Law and Rules provides as follows: Action by victim of conduct constituting certain sexual offenses: Notwithstanding any other limitation set forth in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought within five years. As used in this section, the term "defendant" shall mean only a person who commits the acts described in this section or who, in a criminal proceeding, could be charged with criminal liability for the commission of such acts pursuant to section 20.00 of the penal law and shall not apply to any related civil claim or cause of action arising from such acts. Nothing in this section shall be construed to require that a criminal charge be brought or a criminal conviction be obtained as a condition of bringing a civil cause of action or receiving a civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action. NY CLS CPLR § 213-c.

85.     Defendant SAUNDERS is civilly liable under § 213-c for violating all of the above Sections of the New York State Penal Law as described above.

86.     Defendants violated the above law as set forth herein.

### AS A FOURTEENTH CAUSE OF ACTION
### GENDER MOTIOVATED VIOLENCE PROTECTION ACT
### AGAINST DEFENDANT SAUNDERS, INDIVIDUALLY,

87.     Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

88.     N.Y. ADC. LAW § 8-903 states in relevant part "For purposes of this chapter: a. "Crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. b. "Crime of violence motivated by gender" means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

89.     N.Y. ADC. LAW § 8-904 : NY Code – Section 8-904: Civil Cause of Action states in relevant part "Except as otherwise provided by law, any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in section 8-903 of this chapter, shall have a cause of action against such individual in any court of competent jurisdiction for any or all of the following relief: 1. compensatory and punitive damages; 2. injunctive and declaratory relief; 3. attorneys' fees and costs; 4. such other relief as a court may deem appropriate."

90.     N.Y. ADC. LAW § 8-905 Limitations states in relevant part: "a. A civil action under this chapter must be commenced within seven years after the alleged crime of violence motivated by gender as defined in section 8-903 of this chapter occurred. . . . c. Nothing in this section requires a prior criminal complaint, prosecution or conviction to establish the elements of a cause of action under this chapter.

91.     Defendant SAUNDERS's conduct constitutes crimes of "violence motivated by gender" under The Victims of Gender-Motivated Violence Protection Act ("VGMVPA").

92.    As a result of defendant's acts, Plaintiff has been damaged in an amount to be determined at the time of trial.


### AS A FIFTEENTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OR EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

93.    Plaintiff repeats and re-alleges each and every allegation made in the complaint as if they were set forth herein fully at length.

94.    Defendants' behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

95.    Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

96.    Defendants caused Plaintiff to fear for Plaintiff's own safety.

97.    Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

98.    As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.


### AS A SIXTEENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

99.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

100.   Defendants knew, or reasonably should have known, that Defendants were engaging in the unlawful behavior described herein above.

101.   At all times material herein, Defendants knew, or reasonably should have known, that the

conduct, acts, and failures to act of all other Defendants and/or supervisors, agents and employees as described herein above violated Plaintiffs rights under federal, state and municipal statutes, codes and ordinances.

102.   At all times material herein, Defendants knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

103.   At all times material herein Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that unless Defendants, and each of them, intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of all other Defendants and/or supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act would continue, thereby subjecting Plaintiff to personal injury and emotional distress.

104.   Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that unless Defendants, and each of them, intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of the Defendants and others as described herein, Defendants' failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

105.   At all times material herein, Defendants, and each of them, had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of all other Defendants and/or supervisors, agents or employees as described herein

above.

106.    Despite said knowledge, power, and duty, Defendants and each of them negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

107.    As a direct and proximate result of the failure of Defendants to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of all other Defendants and/or supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

108.    At all times material herein, the failure of Defendants to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of all other Defendants and/or supervisors, agents or employees violated Plaintiff's rights under federal, state, and municipal statutes, codes and ordinances.

109.    As a direct and proximate result of Defendants' actions and failures to act, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by mental health and other health professionals, and for other incidental expenses; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.   Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

110.    Defendants' conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.   The acts of Defendants were performed with the

knowledge of an employer's economic power over its employees. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and ratified the unlawful conduct of all of the other Defendants in this action. Consequently, Plaintiff is entitled to punitive damages from all Defendants.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiff demands a jury trial on all issues to be tried.

Dated: New York, New York
           December 10, 2018

                              **DEREK SMITH LAW GROUP, PLLC**
                              *Attorneys for Plaintiff*

                    By:      /s/ Abe Melamed
                              Abraham Z. Melamed, Esq.
                              1 Penn Plaza, Suite 4905
                              New York, New York 10119
                              (212) 587-0760